# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>H. A. RIOS, JR.,<br><br>　　　　　Respondent. | 1:09-cv-00823-BAK-GSA HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on May 11, 2009. (Doc. 1). The petition indicates that on September 7, 2000, Petitioner was convicted in the United States District Court for the Eastern District of Pennsylvania after pleading guilty to violating 18 U.S.C. § 1951 and 18 U.S.C. §§ 1951(b)(1), (b)(3), and 2(a). (Id. at p. 3). Petitioner was sentenced to a prison term of 235 months. (Id.). The conviction was affirmed by the United States Court of Appeals for the Third Circuit on December 7, 2001. (Id.). Subsequently, Petitioner challenged his conviction and sentence in the trial court, which denied the motion to reconsider on November 1, 2002. (Id. at p. 4).

Petitioner now brings this habeas petition, purporting to challenge his 2000 conviction. Specifically, Petitioner maintains that he now has evidence that he is actually innocent of the

1

charges and that police officers lied about his involvement. Petitioner also contends that his trial counsel was ineffective.

Because the Court has determined that Petitioner's claims challenge his original conviction, and therefore should have been brought in the trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will recommend that the instant petition be dismissed. Moreover, because Petitioner has yet to consent to the jurisdiction of a United States Magistrate Judge, the Court will direct the Clerk of the Court to assign a United States District Judge to this case.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegations that his trial counsel was ineffective and that police officers lied about his guilt unquestionably challenge his conviction itself, not the manner of execution of his sentence. As mentioned,, however, the proper vehicle for challenging such errors is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus

petition.

A federal prisoner authorized to seek relief under § 2255 *may* seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has provided little guidance on what constitutes "inadequate or ineffective" in relation to the savings clause. It has acknowledged that "[other] circuits, however, have held that § 2255 provides an 'inadequate or ineffective' remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1059-1060, *citing* Lorentsen, 223 F.3d at 954.

In this case, Petitioner alleges that § 2255 is inadequate or ineffective because the "evidence used to establish his innocence and the acts of miscarriage of justice came into existence on 11/8/05 and therefore he never had an unobstructed procedural shot at presenting his claim. Second, he is actually innocence [sic] for the fraudulent testimony is the only evidence

3

against petitioner." (Doc. 1, p. 6).

Petitioner fails to meet his burden of showing the adequacy or effectiveness of § 2255 as a remedy. In his first and only motion pursuant to § 2255 in the trial court, Petitioner raised the following claims for relief: (1) erroneous jury instruction; (2) ineffective assistance of trial counsel; (3) conviction obtained by the use of a coerced confession; and (4) conviction obtained by violation of the privilege against self-incrimination. (Doc. 1, p. 6).

It appears that, notwithstanding Petitioner's contention that the evidence of innocence "came into existence" after November 8, 2005, the factual predicate for Petitioner's claim of actual innocence based on false representations by law enforcement personnel would have been known to Petitioner well before he filed his motion pursuant to § 2255 in 2002, and thus is hardly "new" evidence.[1]

More importantly, however, although Petitioner's first and only motion pursuant to § 2255 in 2002 was denied, the denial of a prior § 2255 motion, as mentioned above, does not, by itself, render § 2255 inadequate or ineffective. Aronson, 85 S.Ct. at 5; Lorentsen, 223 F.3d at 953. Nor has Petitioner shown the newly discovered evidence precluded him from having a "clear procedural shot" at relief. Indeed, to the contrary, Petitioner's self-professed "new" evidence can be included in a second, augmented motion for reconsideration before the trial court that provides the Eastern District of Pennsylvania with additional information not presented in

---

[1] Petitioner "new" evidence consists of transcripts of cross-examination of prosecution witnesses and self-serving declarations by Petitioner of his innocence. The transcripts attached to the petition, however, are only excerpts, and thus it is difficult for the Court to determine what proceedings these transcripts are taken from, when they occurred, or even the identify of the witnesses who are testifying. Petitioner alleges in his petition that Special Agent Steven Heaney allegedly committed perjury before the federal grand jury by testifying that Petitioner had admitted his guilt, and he also asserts that Baltimore County Detective Ernest Ruby falsely testified at trial regarding Petitioner's involvement in the crimes. (Doc. 1, p. 5). It appears that Exhibits A and B may be from testimony of Ruby. It does not appear that any of the exhibits reference Special Agent Heaney. If Petitioner were actually innocent, he would obviously have been aware during his trial that Detective Ruby was testifying falsely against him. Thus, the "new" evidence, in the form of excerpts of Ruby's testimony, provide no new factual basis for Petitioner's claim of innocence. It is less clear whether Petitioner would have also been aware of the nature of Special Agent Heaney's purportedly false testimony before the grand jury. However, regardless of when Petitioner gained knowledge of Heaney's alleged perjury, Petitioner would have been aware at least of Ruby's false testimony at the time of trial and thus would have had a factual basis for claiming actual innocence based on perjury. Thus, regardless of whether the evidence attached to the petition can properly be characterized as "new" or was already known to Petitioner at trial is irrelevant to these Findings and Recommendations since, as discussed herein, Petitioner has failed to establish that filing a second motion for reconsideration in the trial court regarding this evidence would be futile or that the procedure itself would be inadequate or ineffective.

4

the earlier motion. In short, Petitioner has failed to meet his burden of showing that the procedure is presently either inadequate or ineffective. Redfield, 315 F.2d at 83. Hence, should Petitioner wish to pursue this claim in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2]

**ORDER**

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to assign this case to a United States District Judge.

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

---

[2] A motion for vacate, set aside or correct his sentence pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges a conviction and sentence adjudicated in the United States District Court for the Eastern District of Pennsylvania. Thus, that court is the proper venue for filing a motion for reconsideration pursuant to § 2255.

5

IT IS SO ORDERED.

Dated: **May 14, 2009**          **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

6