UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>H.A. RIOS, JR.,<br><br>　　　　Respondent.<br>_____/ | 1:09-cv-00823-AWI-BAK-GSA  (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(DOCUMENT #5) |

　　　　Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

　　　　In the present case, Petitioner is proceeding pro per pursuant to 28 U.S.C. § 2241, challenging a 2000 conviction in the United States District Court for the Eastern District of Pennsylvania. The Court has already issued Findings and Recommendations to dismiss the case for lack of habeas jurisdiction and indicated to Petitioner that he should proceed by way of a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. (Doc. 3). Petitioner has duly filed his objections to the Findings and Recommendations (Doc. 6), and the matter is ripe for

1  presentation to the District Judge assigned to the case.  Accordingly, the Court does not find that
2  the interests of justice require the appointment of counsel at the present time.  For those reasons,
3  IT IS HEREBY ORDERED that petitioner's request for appointment of counsel is denied.

     IT IS SO ORDERED.

     **Dated:**   **June 3, 2009**                    **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE