IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT, | 1:09-cv-00823-AWI-JLT (HC) |
|     Petitioner, | ORDER GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME |
|     vs. | TO FILE RESPONSE TO PETITIONER'S OBJECTIONS TO THE FINDINGS AND |
| H. A. RIOS, JR., | RECOMMENDATIONS DATED MAY 14, 2009 (Doc. 16) |
|     Respondent. | |
| _____ / | ORDER DENYING PETITIONER'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. 13) |

    Petitioner is a federal prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2241.

    On September 4, 2009, the Court ordered Respondent to file a response within thirty days to Petitioner's objections to the Magistrate Judge's Findings and Recommendations dated May 14, 2009. (Doc. 11). When Respondent did not comply with the Court's order by the date set forth in the September 4, 2009 order, the Court, on December 4, 2009, issued an Order to Show Cause requiring Respondent to respond. (Doc. 14). On December 14, 2009, Respondent filed a response, stating that an inadvertent administrative error had resulted in the failure to respond to the Court's order. (Doc. 16). Respondent requested an extension of time until January 15, 2010, within which to file its response to Petitioner's objections.

Previously, on November 30, 2009, Petitioner had filed a motion for entry of default judgment based on Respondent's failure to file a response as ordered by the Court. (Doc. 13). Petitioner has now renewed his request for entry of a default judgment in his response to Respondent's response on December 29, 2009. (Doc. 18).

In Respondent's motion, Respondent appends a declaration indicating the reasons why the administrative error occurred, alleging that the mistake was discovered on or about November 30, 2009, and that additional time would be required to research and respond to the Court's request. In the absence of evidence to the contrary, the Court accepts as true the allegations in Respondent's declaration and finds that Respondent has presented good cause for a brief extension of time.

Petitioner's request for entry of default judgment, however, is without merit. It is undisputed that a failure of the State to file a timely response to the claims in a habeas corpus petition does not entitle petitioner to default judgment. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (respondent's failure to timely respond to petition does not entitle petitioner to default); United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974)(holding that default judgment is not an appropriate remedy for a state's failure to answer a habeas corpus petition); Bermudez v. Reid, 733 F.2d 18 (2nd Cir. 1984)(state attorney general's failure to comply with court's order to respond not a justification for entering default judgment in favor of petitioner). Thus, regardless of whether Respondent is delinquent in responding to the Court's orders, the Court is obligated to hear the case on the merits. This rule is especially appropriate given the procedural context of this case, i.e., the Court had already issued Findings and Recommendations to dismiss the petition because it should have been brought as a motion for reconsideration pursuant to 28 U.S.C. § 2255. Although the Court has vacated the order of the U.S. District Judge adopting those Findings and Recommendations, the Findings and Recommendations themselves are still pending and may be adopted at some future date. Accordingly, entering a default judgment in favor of Petitioner for Respondent's failure to respond to Petitioner's objections would not be appropriate.

**ORDER**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Respondent's motion for an extension of time to file a response to Petitioner's objections (Doc. 16), is GRANTED. Respondent is granted fifteen (15) days from the date of service of this order within which to file a response to Petitioner's objections to the Magistrate Judge's Findings and Recommendations of May 14, 2009.

2. Petitioner's motion for entry of default judgment (Doc. 13), is DENIED.

IT IS SO ORDERED.

Dated:   **January 5, 2010**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE