UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT, | ) 1:09-cv-00823-AWI-JLT HC |
|         Petitioner, | ) |
| | ) ORDER DENYING PETITIONER'S MOTION |
|    v. | ) FOR RECONSIDERATION (Doc. 25) |
| | ) |
| H. A. RIOS, JR., | ) ORDER DENYING PETITIONER'S MOTION |
| | ) FOR EVIDENTIARY HEARING (Doc. 26) |
|         Respondent. | ) |
| | ) ORDER GRANTING PETITIONER'S MOTION |
| | ) TO SUPPLEMENT THE RECORD (Doc. 27) |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On May 14, 2009, the Magistrate Judge assigned to the case filed a Findings and Recommendation recommending that the petition for writ of habeas corpus be DISMISSED because the Petition should have been filed as a motion for reconsideration in the trial court pursuant to 28 U.S.C. § 2255. (Doc. 3). The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within twenty days from the date of service of that order. On May 26, 2009, Petitioner requested an extension of time to file his objections. (Doc. 4). However, before the Court could rule on that motion, Petitioner, on June 1, 2009, filed his objections to the Magistrate Judge's Findings and Recommendation. (Doc. 6). In those objections, Petitioner alleges that, after going through public records related to his conviction, he discovered
1

evidence that police officers involved in his case had lied about the interrogation conducted between police officers and Petitioner. (Doc. 6, p. 4). Petitioner also contends that he did raise the issue of actual innocence in his motions pursuant to 28 U.S.C. § 2255 in the sentencing court and the United States Court of Appeals for the Third Circuit. (Id., pp. 5-6).

On August 17, 2009, the District Judge issued an order giving Respondent an opportunity to respond to Petitioner's allegations of actual innocence. (Doc. 8). However, due to an inadvertent administrative error, the order was entered as one adopting the Magistrate Judge's Findings and Recommendations and entering judgment. (Docs. 8 & 9). On September 4, 2009, the Court sua sponte vacated the order adopting the Findings and Recommendations of May 14, 2009, set aside entry of judgment, and directed Respondent to file a response to Petitioner's objections within thirty days. (Doc. 11). After several delays and extensions of time, Respondent filed his response on January 5, 2010. (Doc. 20). Petitioner filed his reply to the response on February 5, 2010. (Doc. 21). Subsequently, Petitioner filed a motion to supplement his pleadings, in which he cites several Ninth Circuit cases in support of his contention that he has not had an unobstructed procedural shot at raising his claim of innocence and, therefore, the petition should not be dismissed. (Doc. 22).

On June 23, 2010, the District Judge adopted the Findings and Recommendations of the Magistrate Judge and entered judgment against Petitioner. (Docs. 23 & 24). On July 2, 2010, Petitioner filed a motion for reconsideration. (Doc. 25). On September 3, 2010, Petitioner filed a motion to supplement the record with the docket of the United States District Court for the Eastern District of Pennsylvania and also requested an evidentiary hearing. (Docs. 26 & 27).

**DISCUSSION**

A. <u>Motion for Reconsideration</u>.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

The gravamen of Petitioner's request for reconsideration is his dogged assertion that he has not had an unobstructed procedural shot at bringing his claim of actual innocence, and therefore the petition should be allowed to proceed under the Court's habeas jurisdiction. While the Court appreciates Petitioner's sincere conviction that he has not been given a chance to raise actual innocence, the fact remains that Petitioner has failed to meet any of the requirements for granting a motion for reconsideration. Petitioner has not shown "mistake, inadvertence, surprise, or excusable neglect." He has not shown either newly discovered evidence or fraud; the judgment has not been shown to be either void or satisfied; and Petitioner has not presented any other reasons justifying relief from judgment. To the contrary, the motion for reconsideration is merely a rearguing of the evidence and arguments previously argued by Petitioner and considered by this Court in the proceedings immediately preceding entry of judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). Accordingly, the Court denies Petitioner's motion for reconsideration.

B. <u>Motions To Supplement The Record and To Schedule An Evidentiary Hearing</u>.

Petitioner seeks to supplement the Court's record with the full docket of the United States District Court for the Eastern District of Pennsylvania in the case of United States of America v.

1   Wade Knight, case no. 2:00-cr-00038-HB-1.  (Doc. 27, pp. 3-19).  Petitioner asserts that the
2   complete docket, especially Docket nos. 142-147, that Petitioner raised a "Blakely"[1] or "Booker"[2]
3   claim in his second or successive petition before the Eastern District of Pennsylvania, not the "newly
4   discovered evidence" of innocence he now seeks to place before the Court.  Specifically, Petitioner
5   points to Docket no. 142, dated August 24, 2005, which notes that the United States Court of
6   Appeals, Third Circuit, denied Petitioner's motion to file a second or successive motion under 28
7   U.S.C. § 2255.  (Doc. 27, p. 15).  The docket entry also indicates that the denial is "without prejudice
8   to refiling to request leave to file a sec. 2255 motion based on claims under Blakely or Booker
9   retroactive to cases on collateral review."  (Id.).  From this Petitioner concludes that his application
10  to file a second or successive § 2255 motion was based upon Blakely or Booker, not on newly
11  discovered evidence.

12       Even were such an assumption justified, as the Court discussed at some length in the order
13  adopting the Magistrate Judge's Findings and Recommendations, the Third Circuit, as reflected in
14  Docket no. 147, dated June 9, 2006, denied what appears to be another motion for a second or
15  successive § 2255 petition in part because Petitioner did not present "newly discovered facts which
16  would be sufficient to establish by clear and convincing evidence that, but for the constitutional error
17  no reasonable fact finder would have found him guilty."  From that language, this Court concluded
18  that Petitioner did not qualify for the "savings clause" of § 2255 and that he had therefore been given
19  an unobstructed procedural shot at raising the newly discovered evidence in the motion for a second
20  or successive petition denied by the Third Circuit on June 9, 2006.  Petitioner's supplementation of
21  the record with the Eastern District of Pennsylvania's full docket, therefore, and his references to the
22  Third Circuit's orders from ten months earlier, in August 2005, do nothing to alter that conclusion.

23       Accordingly, the Court will grant Petitioner's motion to supplement the record with the
24  Eastern District of Pennsylvania's docket in case no. 2:00-cr-00038-HB-1.  However, as discussed
25  above, that supplemental information does not alter the Court's decision to deny Petitioner's motion

---

[1] Blakely v. Washington, 542 U.S. 296 (2004).

[2] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

4

for reconsideration.

Nor does it justify an evidentiary hearing. Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, *after* the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief;  and (2) the state court trier of fact has not reliably found the relevant facts. See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, Townsend v. Swain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

Here, as discussed above, Petitioner has not established either prerequisite justifying the scheduling of an evidentiary hearing. Hence, that motion will be denied.

### **ORDER**

Accordingly, for the reasons set forth above, the Court HEREBY ORDERS as follows:

1. Petitioner's motion for reconsideration (Doc. 25), is DENIED;
2. Petitioner's motion for evidentiary hearing (Doc. 26), is DENIED; and,
3. Petitioner's motion to supplement the record (Doc. 27), is GRANTED.

IT IS SO ORDERED.

Dated:   December 15, 2010

CHIEF UNITED STATES DISTRICT JUDGE